## DICKINSON *v.* PORT HURON AND N. W. R. R. CO.

*(Supreme Court of Michigan. March, 1884.)*

1. RAILROAD—NEGLIGENCE—OBSTRUCTIONS. It is negligence for a railroad company to permit coal bins to stand in such proximity to its track that passengers using "open cars" and standing on the steps of such cars in motion will be struck by the bins.

2. IBID.—IBID.—CONTRIBUTORY NEGLIGENCE. A passenger lawfully and properly on the steps of such car while in motion is not guilty of contributory negligence.

Action in damages for personal injury to plaintiff while on defendant's cars as a passenger. The plaintiff was one of the managers of an excursion, having charge of the sale of its tickets, two-thirds of the fare being given the company, and one-third retained for the benefit of the "Ladies Christian Temperance Union," which organized the excursion. The plaintiff and his wife had taken seats in an "open" car, and as the cars were about to start some persons got aboard, the conductor telling plaintiff to let them get on and he (plaintiff) could sell them tickets in the cars. He proceeded to the forward cars to do so, and having sold the tickets was returning along the side

of the "open" car when some coal bins, extending along the line of the track sixty-five feet, and coming within eleven and a half inches of the side of the car, and two inches of the step on which he stood, struck him, breaking his leg.    There were unoccupied seats in the car he had left, and the bins could have been seen from approaching cars at a distance of twelve hundred feet.  The plaintiff recovered and defendant assigned error.

COOLEY, C. J., in delivering the opinion of the Court, said: We agree with the trial Judge that it was negligence in the defendant to permit bins of the kind described to stand so near its track when it was making use of the "open" cars for the conveyance of passengers.    It is true that passengers are expected to take and keep their seats in the car.    It is not expected that they will stand upon the step or running board when the cars are in motion.    This step or board is provided for the use of the servants of the company, and it will not be expected that passengers will make use of it for passing back and forth while the cars are moving, unless under very exceptional circumstances.    But this means of passage takes the place of the aisle in the common passenger coach; and as it is always that there may be lawful and proper occasions for passing from car to car, it is not excusable in the defendant that it should permit structures to stand so near its track as to render the use of the running board dangerous to life or limb.    The servants of the company must make frequent use of this passage-way between stations, and they have a right to reasonable security against injury in doing so.    And while we think the passengers are not at liberty to pass from car to car at will, and that they should keep their seats when the train is in motion, yet in view of exceptional cases which may well arise, and in which the passenger would be likely to consider it proper to make use of the steps or running board as this plaintiff did, we are entirely of the opinion of the Circuit Judge, that the defendant owed a duty to its passengers to make such use by them, on occasions justifying it, reasonably safe.

We also agree that the facts did not make out a conclusive case of negligence against the plaintiff.    The circumstance urged against him is, that, being in the closed car, where there were empty seats, when the train started he did not take a seat

there until the next station was reached. But the plaintiff had been permitted to enter that car for the purpose of selling tickets, after he had taken his seat elsewhere with his wife, and on an understanding that the cars were to be immediately started; and he would naturally suppose that he was at liberty, when he had completed the business he went forward on, to return to his own seat. And, unless he knew it was dangerous to walk upon the running board, it would not have been likely to occur to him that there were objections to his doing so. This passage-way seemed to be safe. The step was wide enough for the feet, and, with the irons to take hold of in moving along, there was no appearance of danger if care was used; and so long as the servants of the company were using the passage-way frequently, and were required to do so in the regular performance of their duties, it would have appeared like excessive timidity if the plaintiff had refrained from passing back to his seat because of anticipated danger.

But it is also said that the plaintiff would have seen the bins had he looked ahead for them, and that he was negligent in not doing so. But he was not negligent in failing to look ahead unless he had reason to anticipate some such danger; and if we are correct in what we have already said, he had no such reason. He had a right to assume that the defendant would perform its duty in guarding the safety of its passengers and servants, and it was only because it had failed to do so in this instance that danger was encountered.

*Judgment affirmed.*

## CONFESSIONS AS EVIDENCE.

The important question of the admissibility of confessions made by the accused as evidence against him, was lately before the Supreme Court of the United States in the case of *Hopt* v. *The Territory of Utah*, and we extract from it the portion which discusses that subject. Justice Harlan, who delivered the opinion (announced March 3, 1884,) said:

The first of these questions relates to the action of the Court in permitting Carr, called as a witnees for the defense, to give in evidence a confession of the prisoner. That confession tended to implicate the accused in the crime charged.